US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
FEB 09 2018
DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**TOREY BRETT LOGAN**                                                                        **PLAINTIFF**

V.                            CASE NO. 3:18-CV-03002

**JUDGE DALE RAMSEY;**
**ROBERT ALLEN, Public Defender;**
**JUDGE SCOTT JACKSON; and**
**DEVON STILL, Deputy Prosecuting**
**Attorney**                                                                                 **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Torey B. Logan, filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis* ("IFP"). The case is before the Court for pre-service screening pursuant to the Prison Litigation Reform Act ("PLRA"). The PLRA modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state claims upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### I. BACKGROUND

Plaintiff, an African-American male, was incarcerated in the Carroll County Detention Center when he filed this case. According to the allegations of the Complaint (Doc. 1), Plaintiff was arrested on October 23, 2017, on the charge of theft by receiving, a Class A felony, for having purchased a non-operational Dodge Neon valued at $400. Plaintiff claims that there are multiple witnesses who confirmed that Plaintiff purchased the

-1-

vehicle as scrap metal, not knowing that it was stolen. Plaintiff believes he was arrested without probable cause.

On October 25, 2017, Plaintiff had his initial bond hearing before Judge Dale Ramsey. Plaintiff's bond was set at $150,000. According to Plaintiff, James Carr, the man who sold him the stolen Dodge Neon, was charged with theft, a Class C felony. Carr also had an initial bond hearing that day, and Plaintiff believes that Carr's bond was set at $5,000. The Complaint contains no information regarding the criminal history of either Plaintiff or Carr, or their ties to the community or other matters considered when setting bond.

On November 13, 2017, Plaintiff had his initial arraignment before Judge Scott Jackson. Plaintiff asked his public defender, Robert Allen, to request a bond reduction. Plaintiff states the public defender reluctantly did so, and the request was opposed by the prosecuting attorney, Devon Still. Judge Jackson denied the bond reduction. On December 11, 2017, the theft by receiving charge against Plaintiff was dropped.

Plaintiff contends that the bond amount that was set in his case was "3000% higher than the standard bond for similar charges of other inmates." (Doc. 1 at 8). He believes he was the "victim of racial discrimination" and points out that Judges Ramsey and Jackson are Caucasian. *Id.* Plaintiff maintains that he was "falsely imprisoned for over 60 days due to racial discrimination." *Id.* As relief, he asks that his trial be reset to a different venue—which is a moot issue in light of the fact that the charges against him were dropped; that Defendants be charged with racial discrimination and hate crimes for incarcerating him without probable cause and without reasonable bail; and that Defendants lose their licenses to practice law in Arkansas and every other state.

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Plaintiff has asserted no plausible claims. First, Judges Ramsey and Jackson are immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages"). Here, the challenged actions were judicial in nature—the setting of bond and the denial of a reduction in bond. Judicial immunity applies "even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see Estate of Keys v. Union Planters Bank, N.A.*, 578 F. Supp. 2d 629, 634 (S.D.N.Y. 2008) (judge absolutely immune from claims that he discriminated against the Plaintiff on the basis of race); *see also Cooper v. Rapp*, 702 F. App'x 328, 332 (6th Cir. 2017) (immunity applies even when judge's facial expressions and body language indicated he was racially biased--it is the function the Judge is performing that is at issue and not the conduct itself); *Shanks v. Otsego Cnty.*

*New York*, 2017 WL 4220463, *6 (N.D.N.Y. July 24, 2017) (judge was absolutely immune from claims that he was guilty of abuse of power, malicious prosecution, false imprisonment, and racial discrimination so long as he was acting within the jurisdiction of the court). Furthermore, the Court notes that under Arkansas law, a defendant may appeal a denial of bail by filing a writ of certiorari. *See, e.g., Larimore v. State*, 3 S.W.3d 680, 682 (Ark. 1999).

Second, the public defender, Robert Allen, is not subject to suit under § 1983. To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. Plaintiff's allegations against Robert Allen are clearly based on his actions as counsel for Plaintiff in his criminal proceeding. *DuBose v. Kelly*, 187 F.3d 999, 1002-03 (8th Cir. 1999) ("[C]onduct of counsel generally does not constitution action under color of law"). Therefore, the claims against Robert Allen are subject to dismissal.

Third, the prosecuting attorney, Devon Still, is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.* at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, at 430; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Brodnicki v. City of Omaha*,

75 F.3d 1261 (8th Cir. 1996). This is true even if allegations of vindictive prosecution are alleged. *Myers v. Morris*, 810 F.2d 1437, 1448 (8th Cir. 1987).

### III. CONCLUSION

For the reasons stated, the claims asserted are subject to dismissal because they are frivolous, fail to state claims upon which relief may be granted, or are against Defendants immune from suit. Therefore, this case is **DISMISSED WITH PREJUDICE.** *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

**IT IS SO ORDERED** on this 9th day of February, 2018.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE